## BROLASKEY v. LANDERS.

### January 25, 1840.

*Rule to show cause of action, and why the foreign attachment should not be dissolved.*

Judgment, A. against B. in the Court of Common Pleas, prior to 1836, for 80 dollars and 96 cents, but the interest and costs exceeded 100 dollars. Defendant becomes a resident in another state, having been first discharged while a resident in this state, as an insolvent debtor, his discharge operating on the judgment. Plaintiff issues a foreign attachment in this court, his cause of action being the judgment, and lays it on property acquired by the defendant here since his discharge. *Held:*

1. That this court had jurisdiction.

2. Foreign attachment may issue against a non-resident who previously had been discharged, while a resident here, as an insolvent debtor, his discharge operating on plaintiff's debt.

3. In this case, the plaintiff had no remedy by attachment of execution on his judgment, the latter having been before the act of 16th June, 1836.

4. *Qu.* In a case like this, except otherwise that an attachment of execution *may* be taken out under the act, can the plaintiff have foreign attachment?

THIS was a foreign attachment in debt to December term, 1839, No. 215, in which F. C. Wemyss was summoned as gar-

[Brolaskey v. Landers.]

nishee. The plaintiff having been ruled to show his cause of action, produced the following affidavit, viz.:

"Simon Brolaskey, the above named plaintiff, being duly sworn, according to law, deposeth and saith that the said defendant, James Landers, is justly and truly indebted to this deponent in the sum of 116 dollars, being the amount of a certain judgment recovered by the said plaintiff, against the said defendant, in the Court of Common Pleas for the City and County of Philadelphia, to Sept. term, 1835, No. 200, for 80 dollars, 96 cents, with interest and costs of suit, which said judgment is still unpaid either in part or the whole, by the said defendant or any one on his behalf, to the said plaintiff or any one on his behalf, and still remains unsatisfied of record in said court. This deponent further saith, that at the time of obtaining the said judgment, upon which no execution hath ever been issued, the said defendant resided within the City of Philadelphia, but that the said defendant now is, and was at the time of issuing the writ of foreign attachment in this case, a citizen of the State of New York, and not a resident within this Commonwealth, or living or being within the City or County of Philadelphia, and that he hath at no time transferred the above judgment out of his possession, or marked the same to the use of any other person."

The foreign attachment was levied on a judgment obtained by defendant against Francis C. Wemyss, for which bail for stay of execution had been entered.

The defendant had been discharged under the insolvent laws of this Commonwealth, but his cause of action against Wemyss had accrued subsequent to his discharge.

*Guillou*, for defendant, argued, 1. That the court had not jurisdiction, the debt being under 100 dollars. 2. That the proceeding should have been by attachment of execution. 3. That foreign attachment will not lie against a defendant who has been discharged under the insolvent laws for the debt on which the plaintiff sues.

*Lex*, contra.

PER CURIAM.—The *first* objection, as to the jurisdiction, cannot be sustained. Our jurisdiction is determined by the *sum in controversy*. (*Act of* 30*th March*, 1811, *Stroud's Purd. tit. Courts.*) What is the plaintiff's right to recover? His debt, interest, and

[Brolaskey v. Landers.]

costs, and if together they exceed 100 dollars, our jurisdiction attaches. The *second* objection might, perhaps, (though we do not decide it,) be available, on the ground that a remedy provided for the exact case must be strictly pursued, if the act of 1836, providing for the attachment of execution, had relation to judgments prior to that act. This is not so, however, and the plaintiff had no remedy by an attachment of execution. The *third* objection has plausibility in it, but is not sustainable. It is said that a foreign attachment is a process to *compel the appearance* of a non-resident defendant, and that appearance is supposed to be made only when he enters *special bail,* upon which he may be surrendered, and thus, in effect, a virtual *arrest* of an insolvent debtor for a debt due before his discharge would occur, in violation of the provisions of the insolvent laws. However this might have been prior to the act of 13th June, 1836, the latter excludes the difficulty. The 44th section of that act (*Stroud's Purd. tit. Action,*) provides that foreign attachment may issue against *any* person not residing, &c. And as to the argument as to the entry of special bail, it is a sufficient answer that, by the 64th section, a defendant may enter an appearance and take defence without entering bail to dissolve the attachment.

Rule discharged.